# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

No. 12-14498

District Court Docket No.
5:09-cv-00514-MMH-TBS

EVERETTE WEAVER,

    Plaintiff - Appellant,

versus

MATEER AND HARBERT, P.A.,
a Florida Law Firm,
RENEE THOMPSON,
individually and in her professional capacity as an attorney,
LEWIS DINKINS,
individually and in his professional capacity as an attorney,

    Defendants - Appellees,

JUDGE JACK SINGBUSH, etc., et al.,

    Defendants.

Appeal from the United States District Court for the
Middle District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 10, 2013
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

**Issued as Mandate: 10/01/13**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14498
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00514-MMH-TBS

EVERETTE WEAVER,

                                                                    Plaintiff-Appellant,

versus

MATEER AND HARBERT, P.A.,
a Florida Law Firm,
RENEE THOMPSON,
individually and in her professional capacity as an attorney,
LEWIS DINKINS,
individually and in his professional capacity as an attorney,

                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 10, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Everette Weaver, proceeding *pro se*, appeals following the district court's grant of the appellees' motions for summary judgment as to all claims in his civil diversity action. Weaver, a New York resident, filed the instant *pro se* action in November 2009 against a Florida law firm, three attorneys, a state court judge, and a court reporting service. The defendants were all connected to a state lawsuit he previously initiated. He alleged, in essence, that these defendants colluded together to violate his contractual or state law rights, or applicable rules of ethics. All defendants but the appellees—Mateer and Harbert, P.A. ("Mateer Harbert"), Renee Thompson, and Lewis Dinkins—were voluntarily dismissed before the district court. Liberally construing his brief on appeal, Weaver challenges certain non-final orders issued by the magistrate judge or district court relating, in part, to amendment of the complaint, discovery, appointment of counsel, and assessment of sanctions, as well as the final summary judgment order itself. After careful review, we affirm.[1]

I.

First, Weaver questions the propriety of several non-final orders issued by the magistrate judge, specifically, those orders denying his motions: (1) for leave to amend the pleadings; (2) to extend and compel discovery; and (3) for the

---

[1] Appellees' motion to impose Rule 38 sanctions is DENIED in light of Weaver's *pro se* status. Appellees' motion to strike with sanctions is DENIED AS MOOT. Weaver is cautioned, however, that any continuation of litigation over these matters may well warrant sanctions.

appointment of counsel. We lack jurisdiction to reach the merits of these challenges, however, because in each instance Weaver failed to appeal the contested magistrate orders to the district court.

According to Federal Rule of Civil Procedure Rule 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy," but "[a] party may not assign as error a defect in the order not timely objected to." We have read Rule 72 to mean that, "where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders [on appeal]." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). Put simply, "appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).[2]

Weaver does not suggest, and the district court docket does not show, that he appealed the contested, non-final magistrate orders to the district court. For that reason, in accordance with Rule 72(a), we lack jurisdiction to hear Weaver's challenges to those orders.[3]

II.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] Even if we did have jurisdiction to review Weaver's challenges to the magistrate's non-final orders, we conclude that each of those challenges nevertheless fails on the merits.

3

Next, Weaver challenges several non-final orders issued by the district court, namely those denying his motions: (1) for leave to amend the pleadings by adding new claims; (2) for Rule 11 sanctions; and (3) to refer appellees' conduct to the United States Attorney. Mateer Harbert and Thompson contend that these orders are nonreviewable because they did not "merge" with the final judgment. *See Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1350 (11th Cir. 1997). However, because the district court's non-final orders concerned matters that could, arguably, have influenced the course of the proceedings below, we conclude that they are reviewable.

The contested, non-final district court orders will be addressed in turn, but each is reviewed for abuse of discretion. *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003) (denial of a motion to amend complaint); *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (denial of a motion for Rule 11 sanctions). The district court construed Weaver's motion for referral to the United States Attorney as a petition for a writ of mandamus. Denial of a petition for a writ of mandamus is likewise reviewed for abuse of discretion. *See Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403, 96 S. Ct. 2119, 2124 (1976). A court abuses its discretion if it makes a clear error of judgment or applies an incorrect legal standard. *Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009).

4

Weaver first questions the district court's denial of leave to amend his pleadings, either through his motion to add claims in his Third Amended Complaint or his motion for "Clarification of Order." A party seeking to amend its complaint after having previously done so, or after a responsive pleading has been filed, may amend the complaint "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, where a party's motion to amend is filed after the deadline for such motions, as set out in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted. *See* Fed. R. Civ. P. 16(b).

The district court did not abuse its discretion in denying Weaver's requests to amend his pleadings. Because Weaver was not diligent in pursuing the addition of new claims and because he failed to otherwise show good cause, the district court did not abuse its discretion in denying his motion to add claims in his Third Amended Complaint. *See id.* Weaver's motion for "Clarification of Order" merely sought clarification and modification of the district court order just referenced, so it too was properly rejected for the same reasons.

Next, Weaver challenges the district court's denial of his motion for Rule 11 sanctions. Rule 11 provides for sanctions if a party presents a pleading, written motion, or other paper for an improper purpose, or if the filing contains:

(1) claims, defenses, or other legal contentions which are frivolous or not warranted by existing law; (2) factual contentions without, or unlikely to have, factual support; or (3) denials of factual contentions neither warranted by the evidence nor reasonably based on belief. Fed. R. Civ. P. 11(b)-(c). By its own terms, however, Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions." Fed. R. Civ. P. 11(d). Rather, sanctions for discovery abuses are separately provided for under Rule 37. Fed. R. Civ. P. 37.

The district court did not abuse its discretion in denying Weaver's motion for Rule 11 sanctions. Rule 11 exclusively provides for sanctions related to filing abuses, yet Weaver's request for sanctions is premised largely upon either alleged discovery abuses, sanctionable under Rule 37, or alleged misconduct that bleeds into and overlaps with the merits of the instant action, that is, Mateer Harbert and Thompson's representation. These matters are simply not sanctionable under Rule 11. *See* Fed. R. Civ. P. 11. Weaver does allege that Mateer Harbert and Thompson made false statements to the court in connection with certain discovery matters, but he has offered no proof of his averment. Accordingly, no Rule 11 sanctions were appropriate.

Lastly, Weaver questions the district court's denial of his motion to refer the appellees' conduct to the United States Attorney. As previously noted, the court construed this motion "in the nature of mandamus." A writ of mandamus is only

appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). We have clearly held that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).

The district court did not abuse its discretion in denying Weaver's "Motion for Referral to the United States Attorney" because we have explicitly rejected a private citizen's interest in the prosecution of others. *See id.*

In sum, Weaver has not shown any abuse of discretion in the district court's non-final orders, and we therefore affirm those orders.

### III.

Finally, Weaver contends that the district court erred in granting the appellees' motions for summary judgment on all of his claims. We review a trial court's grant of a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1330 (11th Cir. 2013). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

Here, the district court correctly granted summary judgment as to all of Weaver's claims. First, as to Mateer Harbert and Thompson, each of the breach of contract, professional negligence, and breach of fiduciary duty claims asserted against them were premised on the same factual allegations, and each required Weaver to present evidence that they violated legal duties owed to him. He failed to do so. The parties entered into an express contract, but review of their engagement agreement shows that many of Weaver's allegations regarding incompetent legal services fell outside of its scope. Moreover, Weaver presented no evidence that those legal services falling within the scope of the agreement were incompetently rendered. Lastly, because there was no dispute that the parties entered into an express written contract, Weaver's claim against Mateer Harbert for unjust enrichment was unavailing as a matter of law. *See Moynet v. Courtois*, 8 So. 3d 377, 379 (Fla. Dist. Ct. App. 2009) ("[W]here there is an express contract between the parties, claims arising out of that contractual relationship will not support a claim for unjust enrichment.").

Second, as to Dinkins, because he did not owe a legal duty to Weaver as opposing counsel, Weaver's claim for professional negligence was meritless. *See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner*, 612 So. 2d 1378, 1379

(Fla. 1993) ("An attorney's liability for negligence in the performance of his or her professional duties is limited to clients with whom the attorney shares privity of contract."). Next, Weaver's claim for abuse of process likewise failed because Dinkins's conduct occurred in relation to the state proceeding, and Florida's litigation privilege shielded him from liability. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994).

## IV.

For these reasons, we affirm the district court's grant of the appellees' motions for summary judgment.

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

October 01, 2013

For rules and forms visit
www.ca11.uscourts.gov

Sheryl L. Loesch
U.S. District Court
207 NW 2ND ST
OCALA, FL 34475

Appeal Number: 12-14498-AA
Case Style: Everette Weaver v. Mateer and Harbert, P.A., et al
District Court Docket No: 5:09-cv-00514-MMH-TBS

The enclosed judgment is hereby issued as the mandate of this court.

The record on appeal will be returned to you at a later date.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Elora Jackson
Phone #: (404) 335-6173

Enclosure(s)

MDT-1 Letter Issuing Mandate